UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA ALABARADO LOYOLA, | No. 2:22-cv-1922 DB |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the ALJ failed to address reopening, erred at step two of the sequential evaluation, improperly rejected plaintiff's testimony, improperly rejected lay witness testimony, and improperly rejected medical opinion evidence. For the reasons explained below, plaintiff's

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/ (last visited by the court on February 21, 2024). Accordingly, Martin O'Malley is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 9.)

1

motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

Plaintiff was previously granted Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") but was found no longer disabled in March of 2018. (Def.'s MSJ (ECF No. 19) at 2[3].) In November of 2018, plaintiff filed another application for SSI alleging disability beginning in June of 2013. (Transcript ("Tr.") at 209.) Plaintiff's alleged impairments included neck pain, back pain, nerve damage, numbness, tingling, and headaches. (Id. at 210.) Plaintiff's application was denied initially, (id. at 238-43), and upon reconsideration. (Id. at 252-56.)

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 21, 2021. (Id. at 184-208.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 184-89.) In a decision issued on October 14, 2021, the ALJ found that plaintiff was not disabled. (Id. at 36.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since November 29, 2018, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: spine disorder status post cervical fusion, and obesity (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) and the following: lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting for six hours in an eight hour day, and standing and walking for six hours.  The claimant is limited to occasional overhead reaching. The claimant is limited to frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; frequent balancing; and, occasional stooping, kneeling, crouching, and crawling.

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born [in] 1986 and was 32 years old, which is defined as younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since November 29, 2018, the date the application was filed (20 CFR 416.920(g)).

(Id. at 18-36.)

On August 31, 2022, the Appeals Council denied plaintiff's request for review of the ALJ's October 15, 2021 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 25, 2022. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

This action is atypical in that defendant concedes the ALJ erred and that the Commissioner's decision must be reversed. (Def.'s MSJ (ECF No. 19) at 2, 6-7.) Specifically, as noted above, plaintiff was previously found disabled, granted benefits, and then found no longer disabled in March of 2018. Plaintiff then filed this claim for SSI benefits, alleging disability dating back to June of 2013.

In considering plaintiff's application, the ALJ could have declined to re-open the finding that plaintiff was not disabled as of March of 2018 and that decision would not have been reviewable by this court. See generally Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985). The ALJ did not do that here. Instead, while the ALJ made no explicit mention of

1  reopening plaintiff's prior disability claim, the ALJ considered all the evidence of record,
2  including evidence predating March of 2018.  (Tr. at 18-19, 22-24.)  In doing so the ALJ
3  committed a *de facto* reopening.  See Lester v. Chater, 81 F.3d 821, 827 n.3 (9th Cir. 1995)
4  ("where the Commissioner considers 'on the merits' the issue of the claimant's disability during
5  the already-adjudicated period . . . . a de facto reopening occurs" and "the Commissioner's
6  decision as to the prior period is subject to judicial review").

7       As defendant concedes, this error was harmful.  (Def.'s MSJ (ECF No. 19) at 7.)  When
8  evaluating an initial claim for disability a five-step evaluation process is used and it is the
9  claimant that bears the burden through the first four steps.  Bowen, 482 U.S. 146 n. 5.  However,
10 a presumption of continuing disability applies to a claimant who has been found disabled and it is
11 Commissioner who "'bears the burden of producing evidence sufficient to rebut this presumption
12 of continuing disability.'"  Mendoza v. Apfel, 88 F.Supp.2d 1108, 1113 (C.D. Cal. 2000)
13 (quoting Bellamy v. Secretary of Health & Human Services, 755 F.2d 1380, 1381 (9th Cir.
14 1985)).  Here the ALJ applied the five-step evaluation process despite engaging in a *de facto*
15 review of plaintiff's prior disability finding.

16      The only dispute between the parties here is whether this action should be remanded for
17 further proceedings or the immediate reinstatement of plaintiff's prior benefits.  After having
18 found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award
19 benefits[,] is within the discretion of the court.'"  Trevizo v. Berryhill , 871 F.3d 664, 682 (9th
20 Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be
21 remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

26 Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

27      Even where all the conditions for the "credit-as-true" rule are met, the court retains
28 "flexibility to remand for further proceedings when the record as a whole creates serious doubt as

to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this action should be remanded for the reinstatement of plaintiff's benefits. (Pl.'s Reply (ECF No. 22) at 5.) "Such action is appropriate when a new administrative hearing would serve no useful purpose." Iida v. Heckler, 705 F.2d 363, 365 (9th Cir. 1983). Given the ALJ's clearly inconsistent and unexplained decision to engage in a *de facto* reopening of plaintiff's prior claim while failing to apply the correct standard of review, the court cannot say that a new administrative hearing would serve no useful purpose.

Defendant askes that the court remand to the ALJ to make "a specific finding . . . regarding whether or not to reopen the prior claim." (Def.'s MSJ (ECF No. 19) at 9.) The ALJ's error, however, was not in deciding to reopen the prior claim, it was in failing to apply the appropriate standard upon doing so. Allowing the ALJ a "redo" would only grant the ALJ an unwarranted do over and punish the plaintiff. See, e.g., Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

Accordingly, this action will be remanded for a new hearing. The ALJ shall reopen plaintiff's prior claim and apply the appropriate regulatory standard. See Lewis v. Apfel, 236 F.3d 503, 510 (9th Cir. 2001) ("When an ALJ de facto reopens the prior adjudication in that manner, the Commissioner's decision as to the prior period is subject to judicial review. . . . Under these circumstances it is appropriate for the Court to treat the ALJ's actions as a de facto reopening, and assume a disability onset date of September 1990, as the ALJ did."); Miles v.

Apfel, 51 F.Supp.2d 266, 271 (E.D. N.Y. 1999) ("The court further holds that it is appropriate, upon remand, for the Commissioner to reopen plaintiff's initial application for benefits that was decided six months prior to the present application.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with the order; and
5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  March 15, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\loyola1922.ord